[Crim. No. 7219.   Second Dist., Div. Three.   July 5, 1960.]

THE PEOPLE, Respondent, v. LOUIS WILLIAM JEFFERSON, Appellant.

Louis William Jefferson, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Louis William Jefferson was accused by information of burglary of the premises of Metropolitan Car Company and of having suffered a prior conviction of burglary. He was also accused of petty theft with a prior conviction of forgery, a felony. The allegation of the former conviction of burglary was stricken by the court; the allegation of former conviction of forgery was admitted by defendant.

In a jury trial, defendant was represented by a deputy public defender. He was convicted on both counts and he appeals from the judgment. His application for appointment of counsel on the appeal was denied for the reason that representation by counsel could serve no good purpose, as will hereinafter appear. After due notice to appellant no brief has been filed.

There was evidence of the following facts. On the night of November 6, 1959, the premises of Metropolitan Motor Mart in Los Angeles were entered through a broken window and a check writing machine was stolen.

Viola Green loaned her 1949 Ford car to Benny Maxwell on November 26, 1959; after an accident at night, Maxwell left the car on the street. When he returned there were missing a sideview mirror, radio, ashtray, distributor cap and a tire. Officer Harper found the car stripped of the articles previously mentioned. Acting upon telephonic information he went to a rooming house nearby. In the northwest bedroom he found a check protector, a sideview mirror, three spark plug wires, a distributor cap, a voltage regulator, two tires and wheels and two car radios. He found a laundry slip with the name "Jefferson Lewis." He took the articles to the station. Jefferson was arrested later. He was interviewed by Officer Eugene D. Guinn. His statements were made freely and voluntarily; he stated that he had the northwest bedroom and was responsible for all the articles found in it; he got the check writer on South Figueroa Street and he had stripped the car of the parts that had been taken from it; he had an old car and needed the parts for it. The check writer and the parts that were taken from the car were introduced in evidence without objection and sufficiently identified as the articles that had been stolen and found in defendant's room.

There was evidence that the officers found in the northwest bedroom about 15 identical phonograph records and throughout the house a great number and variety of articles which could reasonably be classified as stolen goods. Other evidence tending to connect defendant with the stolen articles was developed in the testimony of Loretta Gabarino, a defense witness, and defendant himself. Miss Gabarino testified that she and defendant were engaged. She occupied the northwest bedroom and defendant frequently spent the night with her; there were nine persons living in the house; she denied ever having seen the stolen articles in the room. Both Loretta and

defendant testified they were buying a 1949 Ford for Loretta; they had paid some $30 on account but had not received the car; it was not in operating condition. Defendant testified that he occupied the room with Loretta several nights a week ferson Lewis looked familiar to him. He denied having stolen and kept clothing there. The laundry slip in the name of Jefany of the articles, denied having seen them in the room and denied having made any of the admissions testified to by Officer Guinn. He admitted the former convictions of burglary and forgery.

The jury believed that defendant told the truth to Officer Guinn. The circumstantial evidence, with the confession, left no doubt as to defendant's guilt. The case was tried without error.

The judgment is affirmed.